IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | Cr. No. 17-10018 |
| ) | |
| v. ) | |
| ) | |
| JOHN KEVIN PHILLIPS, a/k/a/ ) | |
| "UNCLE KEVIN", a/k/a "UNCLE KEV" ) | |
| a/k/a "PUFFY K" ) | |
|     Defendant. ) | |

WESTERN DISTRICT OF TN
FILED IN OPEN COURT
DATE: 5-26-17
TIME: 9:46 AM
INITIALS: MB

## PLEA AGREEMENT

Come now the parties herein, the defendant, JOHN KEVIN PHILLIPS, being represented by counsel, MARTY B. MCAFEE, and the United States, being represented by BETH BOSWELL, Assistant United States Attorney for the Western District of Tennessee and hereby agree as follows:

1. The following plea agreement constitutes the entire agreement between the parties, and the parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules and case law.

2. The defendant agrees to plead guilty to Count 1 of the Indictment in the above-styled cause because he is guilty of the charges contained within, as outlined in the attached statement of facts (See Attachment A attached hereto and incorporated by reference.) If the Court accepts the plea agreement, at the time of sentencing, the Government will move to dismiss the remaining counts of the Indictment as to this defendant. The defendant will pay the $100.00 special assessment prior to sentencing.

3. The defendant agrees to abandon any claim in any civil or administrative forfeiture proceeding as a result of the conduct to which the defendant is pleading under this agreement, and agrees to forfeit any and all property seized from the defendant upon

1

arrest on February 24, 2017.

## AGREEMENT REGARDING SENTENCE

4.      The Government agrees not to oppose a probated sentence in this case, with the following conditions, IN ADDITION TO the customary conditions set by the probation office: The defendant shall refrain from the use or unlawful possession of any narcotic or other controlled substance; the defendant shall submit to testing for any prohibited substance, if requested to submit same; the defendant shall participate in an inpatient or outpatient substance abuse therapy and counseling if directed by his supervising officer; the defendant shall not have any firearm or other destructive device in his possession at any time; the defendant shall associate only with law-abiding persons; the defendant shall have no contact, directly, or indirectly with Jeffrey Young, II or Kristi Gutgsell; the defendant shall provide the victim in this case, and his family with a written letter of apology submitted for prior-approval to the probation officer.  This plea is being made pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure.  If the Court should not sentence the defendant to the recommended sentence, then the defendant will be allowed to withdraw his guilty plea, and the United States will be released from the terms of the agreement.

## BREACH OF PLEA AGREEMENT BY THE DEFENDANT

5.      Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1 or has failed to make any court appearances in this case, from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within

statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

## CONCESSIONS BY THE DEFENDANT

6.     The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

7.     JOHN KEVIN PHILLIPS, a/k/a "Unc. Kevin", a/k/a "Uncle Kev", a/k/a/ "Puffy K" understands that any statement made in the course of the plea colloquy may be used against the Defendant in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

## ACCEPTANCE OF RESPONSIBILITY

8.     JOHN KEVIN PHILLIPS, a/k/a "Unc. Kevin", a/k/a "Uncle Kev", a/k/a/ "Puffy K",

3

JKP

understands that given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the Defendant receiving acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1, providing the Defendant continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the indictment and Attachment A attached hereto. The Defendant also understands that if the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, failing to admit each and every fact contained in Attachment A; denying involvement in the offense; giving conflicting statements about his involvement in the offense; being untruthful with the Court, the United States, or the United States Probation Office; or participating in any additional criminal activities between now and the time of sentencing, this position could change. Further, the Defendant understands that whether or not acceptance of responsibility credit pursuant to § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for the Defendant to withdraw his guilty plea.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

9. There are no other agreements between and among the parties to this agreement. The defendant is satisfied that all acts and/or any omissions of counsel for the defense have been the result of reasonable professional judgment and that defendant has been provided adequate legal representation in this case. The defendant enters this agreement freely, knowingly, and voluntarily, and upon the advice of counsel.

Respectfully submitted,

LAWRENCE J. LAURENZI,
Acting United States Attorney

MARTY B. MCAFEE
Counsel for the Defendant

BETH BOSWELL
Assistant U.S. Attorney
109 South Highland, Suite 300
Jackson, Tennessee 38301
(731) 422 6220

JOHN KEVIN PHILLIPS
Defendant

5/26/2017
Date


USA v. John Kevin Phillips
Attachment A

The Defendant agrees and stipulates as part of this plea agreement that had this case been prosecuted at trial, the United States would have offered evidence to prove the facts contained in Attachment A herein.

The Defendant will plead guilty because he is in fact guilty of the charges contained in Count One of the Indictment.

The elements of the offense to which the Defendant has agreed to plead to guilty, and which the United States would prove if the case went to trial, are as follows: (1) on or about February 24, 2017, in the Western District of Tennessee; (2) the defendant, John Kevin Phillips, knowingly and willfully; (3) transmitted in interstate and foreign commerce; (4) a communication, specifically, text messages to Angela Hazlehurst and Kristi Gutgsell; (5) and the communication contained threats (6) to injure a person, Stan Jones, a Special Agent with the Drug Enforcement Administration, and his family, in violation of Title 18, United States Code, Section 875(c).

In pleading guilty, the Defendant admits to the following facts and that those facts establish his guilt beyond a reasonable doubt:

On January 11, 2017, DEA Diversion Group out of Nashville executed two search warrants. One was for the Preventagenix office run by Jeff Young II (also known as "Rock Doc") and one was for his residence. This is an ongoing investigation.

Special Agent Stan Jones with DEA is the lead case agent on the nurse practitioner case and has been involved in numerous interviews in Jackson, Tennessee with employees, friends, pharmacists, and others who have knowledge of the Young case.

John Kevin Phillips is the best friend of Jeff Young. They are pictured together constantly in all forms of social media. Phillips is a pharmaceutical representative. Phillips has been dating a pharmacist, Angela Hazlehurst, who has been interviewed

USA v. John Kevin Phillips
Attachment A

numerous times by DEA, most of which were at her request. Kristi Gutgsell was the office manager at Preventagenix prior to its closing and is friends/acquaintances with Phillips, Young and Hazlehurst.

On February 24, 2017, Phillips sent Gutgsell text messages threatening SA Stan Jones. Gutgsell contacted law enforcement due to her concern for SA Jones' safety. She allowed law enforcement to consensually download her phone. Phillips sent the following messages to Gutgsell: "I'm going after Stan"; "I don't make threat. I do"; "He's the dumbSs DEA stupid fuck"; "I'm looking for his number. I'm digging through Angela's garbage now. She's not here"; "He's about to earn every penny my taxes pay him. My money"; "Watch the news"; Gutgsell texted back: "Probably not a good idea to mess with a DEA agent". Phillips replied: "It's the best idea. He can't do anything to me"; "He is not untouchable. Neither am I but we're bother going to the hospital. Both". When Gutgsell texted: "You need to leave the DEA agent alone", Phillips replied: "I have nothing to loses." Phillips also referenced a weapon in the texts which is the weapon taken from him on the aggravated assault charge that is still in evidence.

A State warrant was issued for Phillips for retaliation for a past action, and he was arrested on February 25, 2017. He was with Hazlehurst at the time of his arrest. She consented to allow DEA to look through her phone and then revoked consent. A search warrant was obtained for her phone. Contained on her phone were texts sent from Phillips wherein he was asking for Stan's number. He texted Hazlehurst: "I'm going to kill Stan and his children and fuck his wife if she's decent looking." A search warrant was obtained for Phillips' phone and the threatening texts were also recovered from his phone.

7   John Kevin Phillips' initials JKP

USA v. John Kevin Phillips
Attachment A

All of these texts traveled in interstate commerce. On February 25, 2017, Judge Claxton signed a complaint and an arrest warrant for Phillips for Interstate Communications.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for the Defendant's plea of guilty. The statement of facts does not contain each and every fact known to the Defendant and to the United States concerning the Defendant's and/or others' conduct or other matters.

I have read the entire 8 pages of this plea agreement and the statement of facts, and have carefully reviewed it with my attorney. I acknowledge that it is true and correct.

5/26/17
Date

*[signature]*
JOHN KEVIN PHILLIPS

I am the attorney for John Kevin Phillips. I have carefully reviewed the statement of facts contained in Attachment A with John Kevin Phillips.

5/26/17
Date

*[signature]*
MARTY B. MCAFEE

8    John Kevin Phillips' initials JKP