IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                                No. 0651 1:17CR10018-001

JOHN KEVIN PHILLIPS,

       Defendant.

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING

COMES NOW, the Defendant, John Kevin Phillips, through counsel of record Marty B. McAfee and Michael Working, pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure and Local Criminal Rule 32.1, 18 U.S.C. § 3553, and the holdings in *United States v. Booker* and *United States v. Fanfan*, 125 S. Ct. 738 (2005) and submits the following pleading with respect to sentencing in this case.

### I.    SENTENCING POST *BOOKER/FANFAN*

The overriding principal and basic mandate of Section 3553(a) requires District Courts to impose a sentence ***"sufficient, but not greater than necessary,"*** to comply with the purposes of sentencing as set forth in Section 3553(a)(2):

        (a)    retribution (to reflect seriousness of the offense, to promote respect for the law, and to provide "just punishment");

        (b)    deterrence;

        (c)    incapacitation ("to protect the public from further crimes"); and

(d)      rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

In sentencing the Defendant, the appropriate factors for the Court to consider are outlined in Section 3553(a).   Neither the statute nor the *Booker/Fanfan* progeny suggests that any of these factors are to be given greater weight than the others.

## II.      THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT:

(a)  Mr. John Kevin Phillips was charged with one (1) count of Violation of Interstate Communications

(b)  Mr. John Kevin Phillips pled guilty on March 26, 2017, to the one count indictment.

## III.     The Pre-Sentence Report provides in great detail the offense conduct.  Mr. Phillips has no objection to the facts set out in the PSR report.

## IV.     MR. PHILLIPS' FAMILY AND PERSONAL HISTORY

(a)  Mr. Phillips was born in McAlester, Oklahoma on April 27, 1977, to Eddie and Carol Phillips. Eddie and Carol Phillips have been married since 1969 and they currently reside in Arkansas. Mr. Phillips' described a pleasant childhood wherein all his needs were met. He never suffered from abuse or neglect. Eddie Phillips worked to provide for the family while Carol was a homemaker. Mr. Phillips has been married to his wife Robyn for approximately twenty-two years. They have a good marriage, and he describes his wife as a "wonderful, beautiful human being."

(b) Mr. Phillips has a multitude of familial support, as his wife and parents continue to support him. Mr. Phillips' and his wife have three children ranging in age from 15-18, whom he describes as "very supportive."

(c) Mr. Phillips was the sole breadwinner for his household prior to his arrest as Mrs. Phillips did not work for approximately the first seven years after they adopted their first two children.

(d) Mr. Phillips is currently separated from his wife and their children, but hopes to reconcile after his release on this matter.

## V.   MR. PHILLIPS' CRIMINAL HISTORY

He has none.

## VI.   MR. PHILLIPS' SUBSTANCE ABUSE HISTORY

(a) Mr. Phillips has a history of drinking that started at a young age. Until he was approximately 30 years of age, he drank only sporadically. By his thirtieth birthday, he began drinking more frequently, reporting daily drinking by his mid-30s.  His criminal history is clearly related to alcohol abuse.

(b) Mr. Phillips smoked marijuana for this first time when he was 42. He reports he has not consumed any marijuana since he was 44.

(c) Mr. Phillips was prescribed Vyvanse to treat adult onset Attention Deficit Disorder. However, he did not finish the one month supply he was prescribed citing he didn't like the way it made him feel.

## VII.   MR. PHILLIPS'  EDUCATIONAL AND VOCATIONAL HISTORY

(a) Mr. Phillips graduated from Northside High School in Jackson, TN in 1989.

(b) Mr. Phillips attended Lambuth University in Jackson, TN where he obtained a
bachelor's degree in business administration in 1995.

(c) Mr. Phillips also obtained a masters degree in business administration in 2009
from Union University in Jackson, TN.

**VIII.** <u>**THE KINDS OF SENTENCING AVAILABLE**</u>:

a. <u>Custody</u>
  a. Statutory
    i. NMT 5 years under 18 U.S.C. § 875(c)
    ii. Because Mr. Phillips meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), this Court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence
  b. Guidelines
    i. The Total Offense Level is <u>12</u>
    ii. Criminal History Category <u>I</u>
    iii. The Guideline Imprisonment Range is <u>18-24 months</u>.
b. <u>Impact of Plea Agreement</u>
c. Government does not oppose a sentence of time served with the maximum term of Supervised Release.
d. <u>Supervised Release</u>
  a. Statutory
    i. NMT 3 (three) years under 18 U.S.C. §3583(b)(2)
  b. Guidelines
    i. NLT 1 (one) year USSG §5D1.2(a)(2).
    ii. NMT 3 (three) years USSG §5D1.2(a)(2).
e. <u>Probation</u>
  a. Statutory
    i. NLT 1(one) year 18 U.S.C. §3561(c)(1)
    ii. NMT 5(five) years 18 U.S.C. §3561(c)(1)
  b. Guidelines
    i. Ineligible under 18 U.S.C. § 3561(a)(1).
f. <u>Fines</u>
  a. Statutory
    i. NMT $250,000 per 18 U.S.C. § 3571(b).
  b. Guidelines
    i. $3,000 to $30,000. USSG §5E1.2(c)(3).
  c. Special Assessment
    i. $100 per 18 U.S.C. § 3013.
  d. Costs of Prosecution

          i.  Incorporated by reference from PSR paragraph 107.

g.      <u>Restitution</u>

     a.

h.      <u>Denial of Federal Benefits</u>

     a.  Incorporated by reference from PSR paragraphs 111-112.

## IX.    SPECIFIC OBJECTION:

(a) Mr. Phillips has no objections to the facts, Guidelines calculations, or Recommendation set out in the PSR.

## X.    Criminal History Category and Defendant's Record

(a) For purposes of sentencing, the Defendant acknowledges that his record places him in Criminal History Category I under the sentencing guideline scheme.

## XI.    The Sentencing Hearing

(a) Defense counsel anticipates presenting evidence through no more than two witnesses, and that the hearing will last no longer than 45 minutes.

## XII.    Defense Counsel Certification

(a) Defense counsel has forwarded any objections to the pre-sentence investigation report to both the Probation Officer and the Assistant United States District Attorney assigned to this case.

## XIII.    Defendant's position as to Sentencing

(a) Mr. Phillips respectfully requests that this Honorable Court sentence Mr. Phillips to time served and to the maximum term of Supervised Release with the conditions of Supervision in accord with the recommendations made in the plea agreement.

Respectfully Submitted,


s/ Marty B. McAfee
Marty B. McAfee #18113
Attorney for the Defendant
246 Adams Avenue
Memphis, TN. 38103
(901) 328-7000


## CERTIFICATE OF CONSULTATION

COMES NOW, Marty B. McAfee, counsel for the defendant John Kevin Phillips, and advises the Court that he has conferred with opposing counsel, Assistant United States Attorney Beth Boswell, regarding Defendant's position.

s/Marty B. McAfee


## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon Assistant United States Attorney Beth Boswell,  via electronic notice this 30th  day of June, 2017.

s/Marty B. McAfee